UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**RONNIE CLARK**                                                                                     **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:23-CV-00144-JHM**

**LEONI MEDINA,** *et al.*                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Ronnie Clark's *pro se* civil-rights complaint [DN 7] pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I.

Plaintiff, a convicted inmate, was formerly housed at the Kentucky State Penitentiary ("KSP") during the events that comprise this cause of action.  He has since been transferred.  He names as Defendants:  Corrections Officer Leoni Medina, Captain Patricia Allen, Captain Willard O'Bryan, Corrections Officer Bradley Barthuly, and Unit Administrator Lauren Massey in their individual and official capacities.  Plaintiff also sues the Kentucky Department of Corrections ("KDOC").

According to the complaint, in November 2022, Plaintiff was working as a trustee in the Restrictive Housing Unit ("RHU") 3-Cell House when he was attacked by another inmate. Plaintiff asserts that the attacker was known as a violent offender to KSP staff and other inmates. Plaintiff contends that the protocol for inmates prone to violent attacks provides for extra security and heightened observation of such violent inmates, including them being handcuffed, leg shackled, and escorted at all times to and from cells.  Plaintiff alleges that Defendants Medina, O'Bryan, and Allen's actions allowed the attacker to leave the shower area unescorted and

unmonitored and attack Plaintiff with a homemade knife. Plaintiff also alleges that Defendant Barthuly failed to stop the attack on Plaintiff when he arrived on scene, but he instead waited until additional correctional officers arrived.

Plaintiff alleges that he had multiple, bleeding head and torso wounds from the attack, and he did not receive sufficient medical care after the attack from these Defendants. Plaintiff contends that while he was taken to the KSP medical room for treatment, his head and torso wounds were only glued shut and he was afforded no other treatment. Specifically, he "wasn't event taken to the hospital for an x-ray, nor cat scan." [DN 7 at 21]. Plaintiff asserts that he suffered severe pain from his injuries and continues to suffer from pain, migraine headaches, nausea, vomiting, and PTSD. Plaintiff alleges that Defendants' actions reflect deliberate indifference to both his safety and serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff represents that in January 2023, Defendant Massey moved the attacker to an adjoining wing of KSP, despite being aware of the previous attack and being aware of the potential contact between the two inmates considering the housing configuration. Plaintiff states that after his complaints, he was placed in administrative segregation at which time he was issued a suicide blanket, a suicide smock, one pair of shower shoes, and one pair of disposable underwear. Plaintiff contends that this conduct reflects retaliation from Defendants for exercising his rights through the grievance process.

As relief, Plaintiff seeks damages as well as injunctive relief.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the

Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  KDOC

The KDOC is as an agency of the Commonwealth of Kentucky, and KSP is part of the KDOC. *See* KRS § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, Plaintiff's claims against the KDOC must be dismissed.

### B.  Official-Capacity Claims for Damages

Plaintiff sues each Defendant in his or her official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendants Medina, Allen, O'Bryan,

4

Barthuly, and Massey are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, because Plaintiff seeks damages from state employees in their official capacities, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### C. Individual Capacity Claims

Upon review, the Court will allow Plaintiff's Eighth Amendment claims for deliberate indifference to safety and Eighth Amendment claims for deliberate indifference to a serious medical need to proceed against Defendants Medina, Allen, O'Bryan, and Barthuly in their individual capacities, and First Amendment retaliation claims to proceed against all Defendants in their individual capacities. In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome of the case.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) The Court allows Plaintiff's Eighth Amendment claims for deliberate indifference to safety and Eighth Amendment claims for deliberate indifference to a serious medical need to proceed against Defendants Medina, Allen, O'Bryan, and Barthuly in their individual capacities,

and First Amendment retaliation claims to proceed against Defendants Medina, Allen, O'Bryan, Barthuly, and Massey in their individual capacities.

(2) Plaintiff's § 1983 claims against the KDOC and all the official-capacity claims for monetary damages against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief can be granted and for seeking relief from a defendant who is immune from such relief.

(3) The Clerk of Court is **DIRECTED to terminate the KDOC** as a Defendant to this action because all claims against it have been dismissed.

(4) The Court will enter a separate Service and Scheduling Order to govern the continuing claims.

Date: February 7, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants Medina, Allen, O'Bryan, Barthuly, and Massey
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014